UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 30, 2015

LETTER TO COUNSEL

RE: *Latoya Juanita Williams Tello v. Commissioner, Social Security Administration*;
Civil No. SAG-14-2597

Dear Counsel:

On August 15, 2014, Plaintiff Latoya Juanita Williams Tello petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 13, 14). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the decision of the Commissioner in part, and remand the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 205(g). This letter explains my rationale.

Ms. Williams Tello filed her claims for benefits on October 6, 2009, alleging a disability onset date of October 4, 2009. (Tr. 48). Her claims were denied initially and on reconsideration. (Tr. 105-15). An Administrative Law Judge ("ALJ") held a hearing on April 10, 2013. (Tr. 64-100). Following the hearing, the ALJ determined that Ms. Williams Tello was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 45-62). The Appeals Council denied Ms. Williams Tello's request for review, (Tr. 1-7), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Williams Tello suffered from the severe impairments of depression with psychotic features, fibromyalgia, and migraine headaches. (Tr. 50). Despite these impairments, the ALJ determined that Ms. Williams Tello retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: she is limited to work that is simple as defined in the Dictionary of Occupational Titles as specific vocational preparation levels 1 and 2, routine and repetitive tasks in a work environment free of fast paced production requirements which is defined as constant activity with work tasks performed sequentially in rapid succession; involving only simple-work [sic] related decisions; with few, if any, work place changes; and only occasional interaction

*Latoya Juanita Williams Tello v. Commissioner, Social Security Administration*
Civil No. SAG-14-2597
March 30, 2015
Page 2

>  with the general public and co-workers; and supervision required is simple, direct
>  and concrete.

(Tr. 52). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Williams Tello could perform several medium exertion jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 55-56).

Ms. Williams Tello raises several arguments on appeal, essentially contesting the ALJ's assessment of her conversion disorder and her migraine headaches. Because I agree that the ALJ did not adequately evaluate the evidence pertaining to Ms. Williams Tello's physical limitations, remand is appropriate. In so holding, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Williams Tello is not entitled to benefits is correct or incorrect.

Ms. Williams Tello correctly notes that the ALJ did not acknowledge her diagnosis of "conversion disorder." Pl. Mem. at 3-6. The diagnosis was made on several separate occasions, by different medical providers, prior to the ALJ's opinion, and thus those records should have been considered by the ALJ. (Tr. 324-26, 430-37, 632-34). Pursuant to the Mayo Clinic definition cited by the Commissioner, conversion disorder is a psychiatric disorder, but it manifests in physical symptoms that cannot be controlled by the patient and that tend to affect movement or senses. Def. Mem. at 8. The symptoms suffered by Ms. Williams Tello as a result of her conversion disorder included episodes of syncope, marked weakness, unresponsiveness, and paralysis. *See, e.g.,* (Tr. 431-33).

The Commissioner essentially contends that the ALJ's failure to consider "conversion disorder" is harmless because the ALJ considered her other mental impairment of "depression with psychotic features." Def. Mem. at 8. The flaw in the Commissioner's argument is that conversion disorder, by its nature, results more in physical limitations than mental limitations. Thus, simply considering the impact of Ms. Williams Tello's mental status on her activities of daily living, social functioning, and concentration, persistence, and pace does not address, for example, the effect of her repeated episodes of syncope and paralysis on her ability to perform sustained work requiring physical exertion.

Moreover, the RFC assessment determined by the Commissioner largely discounts any of Ms. Williams Tello's physical complaints. It does not include, for example, any restrictions regarding heights or dangerous machinery, which might be expected at a minimum in a case involving repeated episodes of syncope and paralysis. It also does not place any restriction on Ms. Williams Tello's ability to engage in physical labor, despite her allegations of migraine headaches, fibromyalgia symptoms, and the symptoms of conversion disorder referenced above.

The ALJ appears to have rejected Ms. Williams Tello's complaints of disabling pain, and her medical diagnoses of physical impairments, largely because repeated imaging of her brain and nerves and occasional physical examinations have been normal. (Tr. 53, 54). That analysis does not take into account the fact that neither fibromyalgia nor conversion disorder would generally produce findings that could be ascertained on imaging tests. *See, e.g. Gavigan v.*

*Latoya Juanita Williams Tello v. Commissioner, Social Security Administration*
Civil No. SAG-14-2597
March 30, 2015
Page 3

*Barnhart,* 261 F. Supp. 2d 334, 340 (D. Md. 2003) (noting that fibromyalgia "poses particular challenges to credibility analyses due to the limited available objective medical evidence."). Additionally, the nature of fibromyalgia means that a patient's ability to perform certain tasks or postural maneuvers on a given day does not necessarily reflect an ability to perform those tasks and maneuvers on a sustained basis. Social Security Ruling 12–2p, which became effective on July 25, 2012, governs the evaluation of fibromyalgia in disability claims. SSR 12–2p, 2012 WL 3104869 (July 15, 2012). It emphasizes consideration of the "longitudinal record" of fibromyalgia "whenever possible because the symptoms of FM [fibromyalgia] can wax and wane so that a person may have 'bad days and good days.'" SSR 12–2p, at *6. Thus, the fact that Ms. Williams Tello had full handgrip strength and ability to turn her head and shrug her shoulders at one examination does not disprove her allegations of persistent neck pain and hand pain. On remand, the ALJ should provide a more extensive explanation of his consideration of Ms. Williams Tello's physical impairments from her migraine headaches, conversion disorder, and fibromyalgia, her credibility regarding her description of those impairments, and the effect, if any, of those conditions on her ability to sustain the demands of full time employment.

For the reasons set forth herein, Ms. Williams Tello's Motion for Summary Judgment (ECF No. 13) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 14) is DENIED. The ALJ's opinion is REVERSED IN PART as to the ALJ's analysis of Ms. Williams Tello's physical impairments, and the case is REMANDED for further proceedings in accordance with sentence four of 42 U.S.C. § 205(g). The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge